(No. 34811.—

BRAEBURN SECURITIES CORPORATION, Appellee, *vs.* ELBERT S. SMITH, Auditor of Public Accounts, *et al.*, Appellants.

*Opinion filed September 18, 1958—Rehearing denied Nov. 24, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, and
BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago,
(WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA
GROVES, of counsel,) for appellants.

JOHN A. BUSSIAN, and WILLIAM M. DOTY, both of
Chicago, for appellee.

HENRY F. TENNEY, of Chicago, for Illinois Bankers
Association, *amicus curiae*.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The 70th General Assembly enacted the Bank Holding Company Act of 1957, and the same was approved on July 5, 1957. At the same time the legislature passed, and the Governor approved an amendment to the Business Corporation Act limiting the general powers of corporations organized thereunder in respect to the ownership and control of stock in banks. The amendment to the Business Corporation Act was simply a means of making that act reflect the limitations and restrictions found in the Bank Holding Company Act of 1957.

Plaintiff, a corporation organized under the Business Corporation Act, by its articles of incorporation and amendments thereto, filed in February of 1956, had as one of its corporate powers and purposes a general investment securities business and specifically the power to purchase, without limitation, the capital stock of banks and bank holding companies, as well as the shares of capital stock of any nonbanking corporation.

The 1957 legislation did limit the nature and extent of the plaintiff's corporate activity by the exercise of control over its acquisition of bank stock and the plaintiff sought relief from these limitations in the circuit court of Cook County in a declaratory judgment proceeding to have the 1957 enactments declared unconstitutional and void. The Auditor of Public Accounts, the Attorney General and the State's Attorney of Cook County were named as defendants.

The defendants filed a motion to dismiss the complaint on the grounds that the legislation was in all respects constitutional. The circuit court overruled the motion and found the acts to be invalid in that said laws violate sections 13 and 22 of article IV, sections 2 and 14 of article II, and section 1 of article XI of the constitution of the State of Illinois, and also violate section 1 of the fourteenth amendment of the constitution of the United States.

Since the constitutionality of the legislation is involved, this court has jurisdiction of the matter on appeal filed by the defendants from the ruling of the circuit court.

The Bank Holding Company Act of 1957 (Ill. Rev. Stat. 1957, chap. 16½, pars. 71 *et seq.*) has as its declared purpose, as found in section 1 thereof, the protection of the independence of unit banks and the maintenance of competition in the banking system. A bank is defined so as to include both State and national banks, and a bank holding company is defined as any corporation, business, trust, partnership, joint venture, or similar organization (1) which directly or indirectly owns or controls 15 per centum or more of the voting shares of each of two or more banks or of a company which is a bank holding company by virtue of this act, (2) which controls in any manner the election of a majority of the directors of each of two or more banks, or (3) for the benefit of whose shareholders or members 15 per centum or more of the voting shares of each of two or more banks or a bank holding company is held by trustees. Certain exceptions are enumerated in the foregoing, but the same are not material to the issues herein presented.

The act follows with a prohibition of any action which results in a company becoming a bank holding company as thus defined. Any company in existence at the time of the effective date of the act which is a bank holding company by reason of the definition contained in the act is prohibited from further bank stock acquisition, if after such acquisition such company will own or control more than five per cent of the voting shares of such bank. An exception to this limitation as to existing companies permits such company that already has, by ownership or control, a majority interest in a bank to further acquire shares in such bank without limit.

The act then proceeds to provide the penalties for violation and repeals a 1955 enactment on the same subject.

The brief summary of the 1957 act as above set forth clearly manifests a legislative determination that future ownership and control of banks in Illinois by bank holding companies should be stopped, and that bank holding companies existing as of the date of the enactment should not extend ownership and control beyond the then existing holdings. The act thus seeks to accomplish the purpose announced by the legislature of preserving bank competition and the independence of unit banks by prohibiting corporate ownership of more than 15 per cent of the voting stock in two or more banks.

In our consideration of the questions here submitted we are not, nor can we be, concerned with the wisdom of the legislative action nor the desirability of the purpose as announced by the legislature. Our sole concern is to determine whether the legislature in adopting the policy has acted within its constitutional limitations. *Stewart* v. *Brady,* 300 Ill. 425.

The effect of this legislation is to divide corporations into two classes, first, those which did not on the effective date of the act own 15 per cent or more of the stock in two or more banks and are prohibited then to acquire more than 15 per cent of the stock in any two banks, but may acquire all or a majority of the stock of any one bank and up to 15 per cent of any number of banks, and secondly, those which are defined by the act as bank holding companies. These are prohibited from further acquisitions in banks in which they hold 15 per cent or more of the stock. As to any bank in which such company owns less than 5 per cent of the stock, it may acquire additional holdings not to exceed 5 per cent of the stock of such bank. A corporation in this classification is permitted unlimited acquisition of bank stock if on the date of the act it held a majority or more of the stock of any such bank. Clearly, such acquisition would not make any practical difference in control.

The lower court held that the above classification contained in the 1957 enactment was in violation of section 22 of article IV of the Illinois constitution prohibiting the legislative grant of an exclusive privilege to any corporation by special legislation, as well as violative of section 1 of the fourteenth amendment to the United States constitution as a denial of the equal protection of the laws. The classification is likewise alleged to offend section 1 of article XI of the Illinois constitution.

The issues raised by plaintiff in regard to these constitutional provisions all relate to the question of improper classification by this amendatory enactment. The plaintiff asserts the act is in contravention of that portion of section 22 of article IV of the Illinois constitution prohibiting any local or special laws granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever, in that bank holding companies existing as of the effective date of the act are allowed to continue thereafter their existing ownership of bank stock. Plaintiff additionally contends that the act violates section 1 of the fourteenth amendment to the United States constitution in that it discriminates against corporations, such as plaintiff, and results in a denial of equal protection of the laws, in that bank holding companies existing on the effective date of the act and owning or controlling a majority of voting shares of a bank, may purchase additional shares of that bank without limitation, and the minority interests are denied the right to acquire the majority interest, circumstances and conditions being the same. Section 1 of article XI of the Illinois constitution provides that all corporate laws shall be general in scope and apply to all corporations alike, and the plaintiff asserts that this act is a special law applicable only to some corporations, as it grants to some corporations the right to exist as bank holding companies and denies that right to others.

In our consideration of the power of the legislature to classify, if we find some reasonable basis for the classification it must be sustained, and the test is clearly set forth in *Thillens, Inc.,* v. *Morey,* 11 Ill.2d 579, and *Lindsley* v. *Natural Carbonic Gas Co.* 220 U.S. 61, 55 L. ed. 369. In the latter case the court held that one who assails a classification in a statute has the burden of showing that it does not rest upon a reasonable basis but is essentially arbitrary. Therefore the question to be decided is whether or not the legislative classification in the Bank Holding Company Act of 1957 is based upon some reasonable basis.

Banking is a business peculiarly affected with a public interest. Local autonomy of banks serving the individual and commercial needs of a community has been impliedly the policy of this State since the 1929 amendment to the Illinois Banking Act (Smith-Hurd Stat. 1929, chap. 16½, par. 9) enacted following the passage by Congress of the McFadden Act which, in effect, permitted the States to determine whether State or national banks operating within a State might maintain branches. Branch banking in Illinois has been prohibited for many years.

It is clear that this prohibition could be circumvented and indirect branch banking result if, through ownership of bank stock, one or more bank holding companies could control several banks. Branch banking can be accomplished by one bank operating at several locations or by one company owning or controlling several banks variously located.

In 1956 Congress adopted legislation regulating bank holding companies (12 U.S.C., pars. 1841 *et seq.*) and provided, among other things, that its action should not impair the then jurisdiction of the States, and further specifically provided that administration of the Federal act should be within the confines of State law if any. The Illinois legislation, as well as legislation in New York, New Jersey, Pennsylvania and Indiana, is an acceptance of the

suggestion implied in the Federal act that the States should act if, as a matter of policy, bank holding company legislation more restrictive than the Federal act was desired by the States. Further, it seems clear that such State legislation could be applicable to national as well as State banks, since the Congress did not manifest an intent to pre-empt the legislative field. *People ex rel. First Nat. Bank* v. *Brady, 271* Ill. 100; *American Legion Post No. 279* v. *Barrett, 371* Ill. 78. ·

The Illinois act, viewed in this background, appears to be legislation responsive to the policy determination that further concentration of bank ownership and control would be destructive of the autonomy of unit banks and undesirable. The legislature has not decreed that there be divestiture of existing holdings of companies classified as bank holding companies, but rather that the concentration as it now exists has gone far enough.

We find nothing arbitrary in the exemption of the existing bank holding company for, as we have indicated, the evil here sought to be remedied is the further concentration of control, and this is reached, reasonably, by the institution of the prohibition against further acquisition. Neither the fourteenth amendment nor the Illinois constitution forbids statutes and statutory changes to have a beginning, nor does either prohibit reasonable discrimination between rights as of an earlier time and rights as they may be determined at a later time. (*Sperry & Hutchinson Co.* v. *Rhodes, 220* U.S. 502, 55 L. ed. 561.) Certainly the legislature has a right to make a distinction in its enactments between existing rights and conditions and rights and conditions that may exist in the future. This legislative prerogative is abundantly clear in the decisions relating to zoning cases and existing nonconforming uses (*Douglas* v. *Village of Melrose Park, 389* Ill. 98) and statutes containing so-called "grandfather clauses," as in prohibitory or licensing provisions excepting existing businesses, pro-

fessions, *et cetera. Gadlin* v. *Auditor of Public Accounts,* 414 Ill. 89; *Elliott* v. *University of Illinois,* 365 Ill. 338; *Williams* v. *People,* 121 Ill. 84; *People ex rel. Dyer* v. *Walsh,* 346 Ill. 52.

Therefore it is apparent from the foregoing decisions that the mere failure of the legislature to here decree a divesture of the existing holdings of companies classified as bank holding companies does not make this legislation unconstitutional.

An examination of the complaint here fails to disclose any allegation to the effect that bank holding companies, if any were in existence on the effective date of the act, held any such amounts of bank stock that threatened the generally independent structure of the Illinois banks. Nor is there any proof of facts in the record, since this case comes here on the pleadings, to that effect. In this state of the record this court is obliged to assume that the character of bank holding companies in existence on the effective date of the act was such that divesture of bank holdings was not required. "Legislators come from all parts of the State, from all walks of life and will be presumed to know existing conditions." (*Krebs* v. *Board of Trustees,* 410 Ill. 435.) Therefore, we find nothing arbitrary or unreasonable in the act in the exemption of the existing bank holding company, nor does such action on the part of the legislature make the act here unconstitutional.

The classifications provided in this act are thus clearly based upon a reasonable basis, and constitute no special legislation, deny no equal protection of the laws, and grant no privilege or immunity in effecting such classification, in violation of constitutional provisions.

The plaintiff claims that this act is not regulatory but is strictly prohibitive in character, prohibiting one class of business from engaging in a business which another class may continue to enjoy. We have above demonstrated that regulatory legislation may nevertheless continue to permit

existing uses and occupations. Moreover, each class of companies is regulated by this act. Bank holding companies, as defined in the act, may not thereafter acquire more than five per cent of the stock of any other bank in which they do not hold or control 15 per cent of the voting stock at the effective date of this act; and other companies can buy up to 15 per cent of the stock of any number of banks but may not exceed that percentage of ownership or control in any bank. The public policy of Illinois prohibits branch banking, and this act merely regulates these two classes of companies to limit further encroachment upon that prohibition.

Plaintiff further asserts that the act violates section 2 of article II of the constitution of Illinois, which provides that no person shall be deprived of life, liberty, or property without due process of law, and likewise violates section 14 of article II of the Illinois constitution and section 10 of article I of the constitution of the United States, which provide that no law impairing obligation of contracts shall be passed. In support of this claim, it is asserted that the plaintiff is invested by its charter with contract and property rights among which is the right to exercise the contractual right to subscribe for additional shares of the capital stock of any bank in which it may have a stock interest, or to accept shares of stock of any bank in which it is a stockholder, which are declared, paid and distributed as stock dividends, and that the act denies them their right, thus depriving them of their property without due process, and contrary to the above sections of the Illinois constitution. The circuit court sustained these contentions.

The holding of the circuit court that the 1957 enactment was a law impairing the obligation of contracts and therefore violative of the United States and Illinois constitutions is thus based on its determination that presently existing corporations which hold bank stock should not be

precluded from exercising their pre-emptive rights as share-holders to subscribe additional shares. In the first place, a careful examination of the complaint does not show the allegation of facts sufficient to raise this question, and sec-ondly, it has not been demonstrated that there is any pro-hibition against the exercise of pre-emptive rights, for ordi-narily the subscription of additional shares by shareholders does not alter the existing situation with reference to con-trol. If the circuit court was concerned not with the pre-emptive right question but with the diminuation of the plaintiff's charter powers by this legislation, the holding is erroneous for the reason that no corporation has a con-stitutional right to be a corporation and it is fundamental that corporate powers or charters are taken subject to the prerogative of the State to modify or amend the enabling legislation at any time. (*Kreicker* v. *Naylor Pipe Co.* 374 Ill. 364.) And this matter is removed from the sphere of constitutional consideration by reason of the express lan-guage of the Business Corporation Act (Ill. Rev. Stat. 1957, chap. 32, sec. 157.162) which reserves to the General As-sembly the power to repeal, amend or modify the act and to impose limitations or restrictions at the pleasure of the General Assembly.

The title of the 1957 act is as follows: "An Act relat-ing to and restricting the holding of stock of more than one bank, defining and prohibiting new bank holding com-panies, controlling the expansion of existing bank holding companies and providing a penalty for the violation thereof, and to repeal 'An Act in relation to bank holding com-panies, and providing a penalty for the violation thereof,' approved July 11, 1955."

Plaintiff alleged that this title does not meet the con-stitutional requirements of section 13 of article IV of the State constitution. This title was determined by the circuit court not to meet the constitutional requirement of that

section which requires that no legislation shall embrace more than one subject and that that subject shall be expressed in the title.

The title to the 1957 act is sufficient to convey to anyone who reads only the title that the act relates to and restricts the holding of stock of more than one bank and that the act controls the expansion of existing bank holding companies and provides penalties for the violation of the act. The title is, in fact, a summary of the legislation, and relates to only one subject matter: the concentration of control of banking.

The 1957 enactment, in our opinion, is adequately and precisely described in its title and the precise description is in our judgment more than sufficient to meet the test that the title in a general way describe the subject matter contained in the act. *Kough* v. *Hoehler,* 413 Ill. 409.

The amendment to the Business Corporation Act (Ill. Rev. Stat. 1957, chap. 32, par. 157.5) was found to be unconstitutional by the circuit court for the sole reason that it was dependent by its own terms upon the operation of the Bank Holding Company Act, and since the court held the latter act to be unconstitutional it struck down the amendment to the Business Corporation Act. Inasmuch as we find the Bank Holding Company Act to be constitutional and complete within itself, it necessarily follows that the companion legislation is not invalid for the reason assigned by the circuit court. No other reasons have been urged in this court for the invalidity of said act, and we deem it unnecessary to discuss in any detail the terms or provisions of that enactment for the reasons hereinabove stated. The judgment order of the circuit court of Cook County finding the above two acts of the 1957 legislature to be invalid is reversed.

*Judgment reversed.*