Request of House of Representatives,
No. 4751.

OPINION OF THE JUSTICES.

Submitted May 8, 1959.
Answer returned May 21, 1959.

The following resolution adopted by the House of Representatives on April 29, 1959, was filed in this court on the same date:

"WHEREAS, House Bill No. 272, An act relating to bank holding companies is now pending in the House of Representatives,

"WHEREAS, questions have been raised concerning the constitutionality of the provisions of said bill, now therefore be it

"RESOLVED, that the Justices of the Supreme Court be respectfully requested to give their opinion on the following questions of law:

"1. Do the provisions of House Bill No. 272, An Act relating to bank holding companies violate the Constitution of The State of New Hampshire, the Constitution of the United States or any federal statutes relative to bank holding companies?

"2. Would a regulatory bill providing for the approval or disapproval by a bank holding company commission of the acquisition of the stock of a bank by a bank holding company conflict with or violate the constitution of the state or the Constitution of the United States or any federal statute?

"3. Would a bill limiting the total deposits or resources, expressed in terms of percentage of total bank deposits or resources in the state, which a bank holding company could acquire through acquisition of stock of other banks conflict with or violate the Constitution of this state or the Constitution of the United States or any federal statute?"

The following answers were returned:

*To the House of Representatives:*

The undersigned Justices of the Supreme Court make the following answers to the inquiries contained in your resolution with reference to House Bill No. 272, entitled "An Act relating to bank holding companies."

This bill would amend the Revised Statutes Annotated by inserting a new chapter 294-A. It includes in its definition of a "Bank," state and national banks authorized to do business and located in this state. *S.* 1 I. It defines a "Company" as "any bank, corporation, partnership, business trust, voting trust, unincorporated association, joint stock association or similar organization organized under the laws of this state or doing business in this state." *S.* 1 II. A "Bank holding company" is "any company which directly or indirectly (1) owns, controls, or holds with power to vote fifteen percentum or more of the voting stock of each of two or more banks; or (2) controls the election of a majority of the directors of any two banks." *S.* 1 III.

Section 2 thereof provides that "No company shall become a bank holding company" but this prohibition shall not apply in certain specified cases. *S.* 3. "Any company which on the effective date of this act is a bank holding company shall not be required to divest itself of the voting stock of a bank held on said date and such company may acquire additional stock in any bank in which on said date it owns more than fifty per centum of the voting stock." *S.* 4.

Section 5 provides that "No bank holding company shall directly or indirectly (1) acquire ownership or control of any voting

stock in any other bank if after such acquisition it would directly or indirectly own or control more than five per centum of the voting stock thereof except as permitted under section 4; (2) acquire all or substantially all of the assets of any bank; or (3) merge or consolidate with any other bank holding company."

Your first inquiry is whether the provisions of House Bill No. 272 violate the Constitution of the State of New Hampshire, the Constitution of the United States or any federal statutes relative to bank holding companies.

The business of banking bears such a relation to the economic security of the public that it is a proper subject of regulation by the State in the exercise of its police power. *Opinion of the Justices,* 278 Mass. 607; *Kirkwood* v. *Provident Sav. Bank,* 205 Md. 48; 1 Michie, Banks and Banking, *p.* 1; Zollman, Banks and Banking, *p.* 7. Many phases of banking are already regulated in this state. RSA chs. 383-397. The proposed bill seeks to regulate multiple banking conducted by means of bank holding companies. The wisdom or desirability of such regulation is the concern of the Legislature. *Petition of White Mountain Power Co.,* 96 N. H. 144, 151; *Opinion of the Justices,* 101 N. H. 549, 553.

The argument is made that House Bill No. 272 would impair or destroy private rights guaranteed by Article 2d, Part I, and Article 5th, Part II of our Constitution and by the Fourteenth Amendment to the Federal Constitution. When the Legislature seeks to act in the exercise of its police power, as it does here, the constitutionality of the proposed legislation depends upon whether the curtailment of the rights of those to be affected thereby can be justified as a reasonable measure in furtherance of the public interest or the general welfare. *Woolf* v. *Fuller,* 87 N. H. 64, 68, 69; *Allen* v. *Manchester,* 99 N. H. 388, 390.

Although all of the other New England states have laws authorizing branch banking in some form (see New England Business Review, Federal Reserve Bank of Boston, April, 1959) New Hampshire has never enacted such a law. If the Legislature is of the opinion that unit banking better serves the public interest of the citizens of New Hampshire and that any further expansion of multiple banking should be curtailed we are of the opinion that it can properly do so in the exercise of the police power even though the rights of those regulated would be restricted thereby. *Braeburn Securities Corporation* v. *Smith,* 15 Ill. (2d) 55 (appeal to U. S. Sup. Ct. dismissed 4/20/59).

The fact that the proposed bill permits existing bank holding companies to continue in their present situation but curtails their expansion and prohibits the formation of any new company does not render it invalid. *Stone* v. *Cray*, 89 N. H. 483, 485; *Opinion of the Justices*, 99 N. H. 505, 507; *Sperry & Hutchinson Co.* v. *Rhodes*, 220 U. S. 502; *Braeburn Securities Corporation* v. *Smith, supra*. We cannot say that the fact that the proposed bill does not seek to regulate the participation of individuals in multiple banking constitutes such a capricious or arbitrary classification as to render it unconstitutional. *Allen* v. *Manchester*, 99 N. H. 388, 390, 391; *Rockingham Hotel Co.* v. *North Hampton*, 101 N. H. 441, 444; *Thillens, Inc.* v. *Morey*, 11 Ill. (2d) 579.

House Bill No. 272 would apply to national banks doing business in this state. These banks are instrumentalities of the Federal Government created for a public purpose and as such are necessarily subject to the paramount authority of the United States. *McCulloch* v. *Maryland*, 4 Wheat. (U. S.) 316; *Davis* v. *Elmira Sav. Bank*, 161 U. S. 275, 283; *Henrys* v. *Raboin*, 395 Ill. 118; *Zarbell* v. *Bank of America &c. Ass'n*, (Wash.) 327 P. (2d) 436. However the proposed bill would not be invalid unless it were found to interfere with the purposes of national banks or to destroy their efficiency or to be in direct conflict with some paramount federal law. *Nugent* v. *Mooney*, 155 N. Y. S. (2d) 611 (Sup. Ct. 1956); *Attorney General* v. *National Bank*, 338 Mich. 610; *Franklin Nat. Bank* v. *New York*, 347 U. S. 373.

On May 9, 1956, Congress enacted the "Bank Holding Company Act of 1956" 70 Stat. 133. Section 7 thereof (70 Stat. 138) is entitled "Reservation of Rights to States" and reads as follows: "The enactment by the Congress . . . [of this chapter] shall not be construed as preventing any State from exercising such powers and jurisdiction which it now has or may hereafter have with respect to banks, bank holding companies, and subsidiaries thereof."

As a result of this act and its provisions the question of whether our Legislature has "the power or jurisdiction to legislate on this subject with reference to national banks chartered under the federal law . . . is a question of much importance and perhaps of considerable difficulty." *State* v. *National Banks*, 75 N. H. 27, 33. However the Supreme Court of Illinois in the case of *Braeburn Securities Corporation* v. *Smith, supra*, decided on September 18, 1958, held that "it seems clear that such State Legislation [pertaining to bank holding companies] could be applicable to national

as well as State banks, since Congress did not manifest an intent to pre-empt the legislative field." An appeal from this decision to the United States Supreme Court (No. 718) was dismissed on April 20, 1959, for want of a substantial federal question.

Furthermore several states (Illinois, New York, Indiana, Kansas, Pennsylvania and Massachusetts) have enacted legislation in this field since Congress passed the Bank Holding Company Act of 1956. It is our opinion based on the wording of the act, its legislative history and the factors enumerated above that House Bill No. 272 would not conflict with any federal statute.

The answer to your first inquiry is "No," that is, it is our opinion that House Bill No. 272 does not violate the Constitution of the State of New Hampshire, the Constitution of the United States or any federal statutes relative to bank holding companies.

Your second inquiry is as follows: "Would a regulatory bill providing for the approval or disapproval by a bank holding company commission of the acquisition of the stock of a bank by a bank holding company conflict with or violate the Constitution of the state or the Constitution of the United States, or any federal statute." If the regulatory bill laid down "basic standards and a reasonably definite policy for the administration of the law" it is our opinion that it would be constitutional (*Velishka* v. *Nashua*, 99 N. H. 161, 167) and our answer, thus limited, to this inquiry is "No."

Your last and third inquiry is the following: "Would a bill limiting the total deposits or resources, expressed in terms of percentage of total bank deposits or resources in the state, which a bank holding company could acquire through acquisition of stock of other banks conflict with or violate the Constitution of this state or the Constitution of the United States or any federal statute?" In the absence of specific formulae upon which we can exercise our judgment we cannot add to the general considerations of the subject already expressed and we ask to be excused from making further answer to this inquiry.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

May 21, 1959.

*Sullivan & Gregg* and *Sherman D. Horton, Jr.* for New Hampshire Bank Shares, Inc. in favor of affirmative answers.

*Sulloway, Hollis, Godfrey & Soden* for New Hampshire Bankers Association in favor of negative answers.

*Upton, Sanders & Upton* for New Hampshire Association of Savings Banks, also for negative answers.