BANK OF NEW ORLEANS AND TRUST COMPANY et al., Plaintiffs,

v.

James J. SAXON, Comptroller of the Currency, Defendant,

Whitney National Bank in Jefferson Parish, Intervening Defendant.

Civ. A. No. 1857–62.

United States District Court
District of Columbia.

Nov. 5, 1962.

Edward L. Merrigan, Washington, D. C., of counsel, Ralph Fishman, A. J. Waechter, Jr., New Orleans, La., James W. Bean, Lafayette, La., G. Harrison Scott, New Orleans, La., for plaintiff Bank of New Orleans and Trust Co.

Bentley G. Byrnes, Asst. Atty. Gen., of Louisiana, New Orleans, for intervening plaintiff State Bank Commissioner of Louisiana.

Robert Bloom, Chief Counsel to the Comptroller of the Currency and Joseph D. Guilfoyle, Donald B. MacGuineas, David V. Seaman, Attys., Dept. of Justice, David C. Acheson, U. S. Atty., Washington, D. C., of counsel, for defendant James J. Saxon, Comptroller of the currency.

Dean Acheson, Hamilton Carothers, W. Graham Claytor, Jr., Brice M. Clagett, Washington, D. C., and Malcolm L. Monroe, New Orleans, La., of counsel, Covington & Burling, Washington, D. C., and Monroe & Lemann, La., Walter J. Suthon, III, and Jerry A. Brown, New Orleans, La., for intervening defendant Whitney Nat. Bank in Jefferson Parish.

James F. Bell, Washington, D. C., for Nat. Ass'n of Sup'rs. of State Banks, amicus curiae.

McLAUGHLIN, District Judge.

On October 3, 1961, the Comptroller of the Currency gave preliminary approval to the formation of two new national banks, the Crescent City National Bank and the Whitney National Bank in Jefferson Parish, Louisiana, subject to approval by the Federal Reserve Board of the formation of a holding company for the purpose of acquiring the stock of such banks, pursuant to the Bank Holding Company Act of 1956. On May 3, 1962, the Federal Reserve Board approved the application of Whitney Holding Corporation to become a bank holding company by acquiring the stock of the above two mentioned banks. Subsequently, the Comptroller approved the consolidation of the existing Whitney National Bank in New Orleans into the Crescent City National Bank under the name of the Whitney National Bank in New Orleans and

this was accomplished. The Holding Corporation, previously organized under Louisiana law, then completed the organization of the Whitney National Bank in Jefferson Parish by purchasing all of its stock for $650,000.00. At that time the Articles of Association and the Certificate of Organization of the Whitney National Bank in Jefferson Parish had already been executed and filed with the Comptroller. On June 9, 1962, just as the Comptroller was about to issue a Certificate of Authority to permit that Bank to commence business this suit was instituted praying for a declaratory judgment and an injunction prohibiting him from issuing said certificate.

A temporary restraining order was issued by this Court on June 27, 1962, followed by a temporary injunction which took effect on the same day on which the Louisiana State Legislature passed a statute making it unlawful " * * * for any bank holding company or subsidiary thereof to open for business * * * whether or not, a charter, permit, license or certificate to open for business has already been issued." La. Act 275, § 3(5) of 1962, LSA–R.S. 6:-1003. The Plaintiffs base their case on the contention that this statute is clearly applicable to the Whitney National Bank in Jefferson Parish and that the Defendant Comptroller may not issue a Certificate of Authority to this bank in contravention of the law. While continuing this contention, the Plaintiffs urge the alternative contention that, apart from the above statute, the formation of this bank contravenes Section 36(c) of the National Banking Act, 12 U.S.C. § 36(c), in combination with LSA–R.S. 6:45 which makes it unlawful for the Whitney National Bank in New Orleans to open a "branch" in Jefferson Parish, the Plaintiffs urging the Court to arrive at this determination by "piercing the corporate veil" of the holding company form used.

The Defendants, on the other hand, argue that Louisiana Act 275 is inapplicable to it, a national bank, but that, should the Court determine that it is applicable to the new bank, then it is unconstitutional in that it collides with the Supremacy Clause of the Constitution since it prohibits a national bank, which has been organized in compliance with the terms of the Federal Bank Holding Company Act of 1956 from commencing business in the State of Louisiana and thus is in excess of the regulatory power reserved to the states. The Defendants contend that the Whitney National Bank in Jefferson Parish is not a "branch" bank and therefore does not come within the proscription of Section 36(c) of the National Banking Act but is, on the contrary, an entity possessing the degree of separateness required by the terms of the Federal Bank Holding Company Act.

This matter is now before the Court on (1) the motion of Defendant Saxon, Comptroller of the Currency, for summary judgment; (2) the cross-motion of Plaintiff, Bank of New Orleans, for summary judgment; (3) the cross-motion of Defendant Saxon to dismiss; (4) the motion of the Intervening Defendant, Whitney National Bank in Jefferson Parish, for summary judgment; (5) the cross-motion of the Intervening Plaintiff, J. W. Jeansonne, Louisiana Bank Commissioner, for summary judgment. Upon consideration of these motions, the Points and Authorities submitted therewith, the Statements of Opposition filed thereto and the arguments advanced on hearing, and the Court being fully advised in the premises, the Court concludes, there being no genuine issue of material fact, as follows:

That the cross-motions for summary judgment raised by the Plaintiff, Bank of New Orleans and the Intervening Plaintiff, J. W. Jeansonne, State Bank Commissioner of the State of Louisiana, should be, and are, granted. Accordingly, the motions for summary judgment of the Defendant, James J. Saxon, Comptroller of the Currency and the Intervening Defendant, Whitney National Bank in Jefferson Parish are denied. Further, Defendant Saxon's cross-motion to dismiss is also denied.

The Certificate of Authority has not yet been issued by the Comptroller of the Currency to the Whitney National Bank in Jefferson Parish and there is no question that the Comptroller has no discretion to issue a certificate of authority to a new bank that will operate in a manner prohibited by law. Commercial State Bank of Roseville v. Gidney, D.C., 174 F.Supp. 770, 778, aff'd, 108 U.S.App.D.C. 37, 278 F.2d 871 (1960); Camden Trust Co. v. Gidney, 112 U.S.App.D.C. 197, 301 F.2d 521, cert. denied, 369 U.S. 886, 82 S.Ct. 1158, 8 L. Ed.2d 287 (1962). Louisiana Act 275 3 (5) of 1962 reads as follows: "It shall be unlawful * * * for any bank holding company or subsidiary thereof to open for business * * * whether or not, a charter, permit, license or certificate to open for business has already been issued." The Court rules that this statute is directly applicable to the proposed Defendant, Whitney National Bank in Jefferson Parish and that said statute makes it unlawful for said bank to commence business. Relying on the authority of Braeburn Securities Corp. v. Smith, 15 Ill.2d 55, 153 N.E.2d 806, appeal dismissed for want of substantial Federal question, 359 U.S. 311, 79 S.Ct. 876, 3 L.Ed.2d 831 (1959) and Opinion of the Justices, 102 N.H. 106, 151 A.2d 236 (1959) upholding the constitutionality of similar state statutes, the Court rules that the passage of Louisiana Act 275 3(5) of 1962 was within the power reserved to the states under 12 U.S.C. § 1846, the Federal Bank Holding Company Act.

The Court finds § 1842(d) of said act persuasive of the degree of control that the states may bring to bear in this area. This Section essentially provides that, before an out-of-state bank holding company may come into another state and acquire an interest in a bank of that state, the state must specifically authorize it by statute. The cases relied on by the Defendants in support of their contention that this statute is unconstitutional do not concern themselves with the question of the permissible limits of state regulation of national bank holding companies and their subsidiaries under § 1846.

The Court having upheld the constitutionality of Louisiana Act 275 in its application to Defendant making it unlawful for said Defendant to open in Louisiana, the Court deems it unnecessary to address itself to the cogent arguments put forth by counsel on the question of the applicability of 12 U.S.C. § 36(c) as to whether, by its terms, it proscribes in these circumstances, the setting up of the type of bank herein involved and secondly, if not proscribed by the terms of the statute, whether this Court ought to look behind the corporate form of the new bank to determine whether or not it is in violation of Section 36(c).

Counsel for the Plaintiff, Bank of New Orleans and Trust Company will prepare and submit findings of fact, conclusions of law and order in conformity with the Court's ruling.