**UNITED STATES of America,**
**Plaintiff,**

v.

**Meda LORTON, Woodrow W. Lorton, Central Standard Life Insurance Company, and Cowden Building & Loan Association, Defendants.**

Civ. No. 1767–D.

United States District Court
E. D. Illinois.

Dec. 14, 1961.

Carl W. Feickert, U. S. Atty., John O'Rourke, Asst. U. S. Atty., for plaintiff.

Sebat, Swanson, Banks & Jones, Danville, Ill., for Central Standard Life Ins. Co.

John J. Baker, Shelbyville, Ill., for Woodrow W. Lorton, Cowden Building and Loan Assn.

PLATT, Chief Judge.

The United States of America filed this action under §§ 7402 and 7403 of the Internal Revenue Code of 1954, 26 U.S.C., seeking judgment for its tax liabilities for unpaid income tax and to foreclose its lien arising out of said liabilities. The Central Standard Life Insurance Company and Cowden Building and Loan Association having mortgages on the taxpayer's properties were made parties defendants. The properties have now been sold in accordance with the decree of sale.

The Attorney for the defendant, Central Standard Life Insurance Company, has filed a motion for allowance of his attorney fees in the amount of $700.00, to be taxed as a part of the costs of this suit, or in the alternative as a part of the debt, interest and costs due on the Insur-

ance Company's mortgage. This mortgage provided:

"If the mortgagee or holder of any of said notes by reason of being the mortgagee or entitled to the rights of the mortgagee herein, be a party to any suit, litigation or legal proceeding relating to the premises herein, or any part thereof * * * or in case of foreclosure of this mortgage * * * all costs of such proceedings, including all reasonable attorney's and solicitor's fees so incurred by the mortgagee or holder of any of said notes * * * shall become a part of the mortgage indebtedness and a lien upon said premises and may be included in any judgment or decree rendered."

The findings of fact discloses that on December 1, 1960, the Insurance Company was entitled to $7,266.60, plus interest accruing from that date, at the rate of 7%, per annum. The findings of fact further found that Ralph J. Swanson, as attorney for said Insurance Company "[was] entitled to a fair and reasonable attorney fee for services rendered in this cause under the terms of the mortgage above referred to and that such fair and reasonable attorney fee is $700.00." At the sale of the premises the property covered by this mortgage was sold by the Marshal for the sum of $19,000.00.

The attorney for the defendant, Cowden Building and Loan Association, has also filed a similar motion for the allowance of $500.00 attorney fee. The Cowden Building and Loan Association had two mortgages on two properties which were sold by the United States Marshal in accordance with the terms of the order of sale. One of the properties sold for the sum of $3,110.00. The findings of fact, as to this mortgage, discloses that there was due for principal and interest on December 1, 1960, the sum of $2,373.-29, plus interest on the principal balance at the rate of 7%, per annum. The findings further disclose that said John J. Baker, Attorney for Cowden Building and Loan Association was "entitled to a fair and reasonable attorney fee for services

rendered in this cause under the terms of the mortgages above referred to and that such fair and reasonable attorney fee is $500.00." This amount included, under the terms of the mortgage, other real estate also mortgaged to the Cowden Building and Loan Association on which there was due on December 1, 1960, according to the findings of fact $1,291.-15, which included principal and interest, and that interest accrued on the principal balance from that date at the rate of 7% per annum. This property was sold by the United States Marshal for the sum of $1,510.00.

The first mortgage mentioned provided as follows:

"And in case any suit or proceedings at law, or in equity, wherein the mortgagee shall be made a party by reason of its relation to or interest in the debt secured hereby, the said mortgagee shall be allowed and paid its reasonable costs and charges and THREE HUNDRED —— Dollars attorney's or solicitor's fees in such suit * * * and the same shall be a further charge and lien upon said premises and become a part of the judgment or decree therein. And it is stipulated and agreed that if at any time hereafter an action shall be filed to foreclose this mortgage, then in that case a solicitor's fee of THREE HUNDRED —— Dollars shall at once become due and payable to complainant's solicitor, said fee to be taxed and collected as a part of the costs of such foreclosure suit, or included in the amount found due complainant, as complainant may elect."

This second mortgage had the same provision, except it provided for an attorney fee of $200.00.

The findings of the Court further disclose that the amount due the United States for unpaid income taxes, with interest to July 25, 1961, was $18,103.41. The last notice of the Government's lien was duly filed subsequent to the date of the recording of the mortgages but prior to the filing of this action.

It was stipulated by and between the Government and the mortgagees and the parties to the action "that the question of the priority between the claim of the United States and the fees for mortgagees' attorneys under their said mortgages shall be determined by the Court." .

The United States admits that the principal amount secured by the mortgages, and the interest thereon, have priority over the Government's lien for taxes, but objects to the allowance of fees for mortgagees' attorneys, and maintains that the tax lien of the United States has priority over attorney fees because the claim for attorney fees was inchoate and subsequent in time to the lien for federal taxes.

■ The question of priority of liens for federal taxes is governed by the statutory provisions and must be construed according to federal law. United States v. Security Trust and Savings Bank, 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

Section 6321, Title 26 U.S.C. provides for lien in favor of the United States for unpaid taxes "upon all property  *  * whether real or personal, belonging to" the taxpayer. Section 6322 fixes the lien imposed by § 6321 as of the date of assessment. Section 6323 protects the mortgagee until notice of the tax lien is filed in the County where the property is located.

■ Congress had the power and authority to establish statutes for the collection of federal taxes. The meaning of the statutes must be determined by the Court. United States v. Gilbert Associates, 1952, 345 U.S. 361, 73 S.Ct. 701 97 L.Ed. 1071. Congress evidently intended by section 6323 to give priority to the claim of the mortgagee where the notice of lien was filed after the mortgage was recorded. The sole question, therefore, is whether the attorney fees provided for in the mortgage, upon answer being filed or foreclosure of the mortgage by the mortgagee, shall take precedence over the tax lien where the attorney fees were incurred after the no-

tice of the federal tax lien. There is no question but that the attorney fees were indefinite in amount and were not due or payable to the mortgagee, under the terms of the mortgage, until foreclosure or answer was filed by the mortgagee.

In United States v. Bond, 4 Cir., 1960, 279 F.2d 837, cert. denied 364 U.S. 895, 81 S.Ct. 220, 5 L.Ed.2d 189, the Court in the majority opinion, after reviewing the cases decided by the Supreme Court of the United States on choate and inchoate liens, determined that attorney fees for the mortgagee were inchoate and subordinate to the federal tax lien where notice of the tax lien preceded the incurrence of attorney fees. In that case, as in this case, there were insufficient funds from the sale of the property in an action by the Government to foreclose its lien for taxes to pay the attorney fees as well as the entire federal tax. There is a dissenting opinion in the Bond case which fails to give proper weight to the cases decided by the Supreme Court of the United States, and cited in the majority opinion, which gave priority to federal tax liens over inchoate state liens. Moreover, the dissenting opinion relies upon cases decided prior to the cases decided in the Supreme Court.

The attorneys for the mortgagees have cited several cases in support of their position that attorney fees should be given priority over the tax lien. These cases are not decisive of the question. In United States v. American Nat. Bank of Jacksonville, 5 Cir., 1958, 255 F.2d 504, the question of attorney fees does not seem to have been in dispute. The real question there involved was whether the tax lien could attach to the property until the death of the taxpayer's wife where the property was held in the entirety by the husband and wife under the Florida state law, and the tax lien was for unpaid taxes of the husband and not of the wife. United States v. Sampsell, 9 Cir., 1946, 153 F.2d 731, was decided prior to the pronouncements of the Supreme Court of the United States of the doctrine that a state lien does not take preference over a lien for taxes where it

was inchoate at the time notice of the federal lien for taxes was filed. Again in Smith v. United States, D.C.D.Hawaii, 1953, 113 F.Supp. 702, the question of attorney fees for the mortgagee does not seem to have been disputed.

In United States v. Lord, D.C.D.N.H., 1957, 155 F.Supp. 105, the Court held that advances by the mortgagee for insurance made after the notice of the tax lien did not take priority over the federal lien for taxes, although the mortgage, by its terms, provided for these advances by the mortgagee.

In United States v. Christensen, 9 Cir., 1959, 269 F.2d 624, the mortgagee, in compliance with the provisions of the mortgage agreement, paid the local taxes after notice of the federal tax lien. The Court held that the federal lien for taxes took priority over the amount so advanced under the mortgage for local taxes. In the instant case, although the mortgage provided for reasonable attorney fees upon answer or foreclosure by the mortgagee, these services and the amount to be paid came into existence and were due the mortgagee for attorney fees after the notice of the federal tax lien.

The rationale of United States v. Christensen, supra, and United States v. Bond, supra, was recognized in Hoare v. United States, 9 Cir., 1961, 294 F.2d 823. In that case the chattel mortgage was executed before the notice of the federal tax lien for the sum of $15,000.00 to secure payments of rent. The Court allowed the mortgagee's lien for the amount in default on the date the federal tax lien was effective under § 6323, but held that the further amount in default in payment of rent was subordinate to the federal tax lien. This case, as well as other cases, indicates that the protection afforded by § 6323 to a mortgagee covers only the definite amount due prior to the notice of the federal tax lien.

In United States v. Ringler, D.C.N.D. E.Ohio, 1958, 166 F.Supp. 544, the Court recognized the inchoate nature of a lien for attorney fees. The taxpayer to secure the payment of legal services exe-cuted a mortgage on the taxpayer's property. The Court held that the attorney fees earned prior to the notice of lien took preference under the mortgage where they were performed prior to the time of the notice of the tax lien, but as to the balance of attorney fees after the date of the notice of the federal lien the attorney's lien was inchoate even though secured by a mortgage, and was inferior to the lien for federal taxes.

 The Supreme Court has pronounced a harsh rule on priority of federal tax liens. However, this Court is bound by the decisions of the Supreme Court. The attorney fees in this case should not precede the federal lien for taxes. The order of distribution shall so provide. It is so ordered.