## W. A. Cochran v. County of Vermilion.

1. COUNTY BOARD—*power of, to contract.* The county board has power to contract with a physician to render, by the year, medical service to such persons as the county is liable to supply with such aid.

2. WORDS AND PHRASES—*function of "such."* The word "such,"

where it appears to perform no function in the sense in which employed, may sometimes be construed to refer to some omitted antecedent or consequent and such antecedent or consequent supplied by construction.

3. CONSTRUCTION—*general rule of.* It is a general rule of construction that where a contract is made in performance of a statutory obligation and is susceptible of two interpretations, that construction will be given which is in accord with, and in furtherance of the statutory obligation in question.

4. CONSTRUCTION—*general rule of.* The cardinal principle in the law of construing contracts is to arrive at the intention of the parties, and in order to accomplish this end a word, if necessary, may be excluded or altogether disregarded.

5. MEDICAL AID—*construction of resolution of county board providing for the rendition of.* A resolution set out in the opinion *in haec verba* is construed and held to impose upon the official county physician an obligation to render medical and surgical aid to residents of a particular township not having money or property to pay therefor, and also to render such aid to the inmates of various designated institutions.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed March 16, 1904.

GEORGE G. MABIN, for appellant.

J. W. KEESLAR, State's Attorney, for appellee; W. T. GUNN, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action in assumpsit by appellant against appellee to recover for medical services rendered by him as a physician to seventy-six persons, not paupers, but without money or property to pay for medical aid, residents of Danville Township in Vermilion County, sick with smallpox.

To the declaration, consisting of the common counts and one special count, appellee pleaded specially, that at the time plaintiff rendered to said persons the medical aid and treatment in the declaration mentioned, he was the official county physician of Vermilion County; that on April 23, 1895, the board of supervisors of said county adopted a resolution, as follows: " Resolved, that the board of supervis-

ors of Vermilion County, at the April term thereof in each year, appoint a physician at a salary of $600 per annum, whose duty it shall be to render all necessary medical and surgical aid to such residents of Danville Township, county farm, jail, Vermilion County children's home and poor of hospitals, such physician to furnish necessary medicines at his own expense;" that after the adoption of such resolution, to wit, on April 24, 1895, the plaintiff was appointed county physician of said county for one year from June 14, 1895, and was annually thereafter, at each annual April meeting of said board of supervisors, appointed such county physician for the term of one year, including the year ending June 14, 1902, and that said plaintiff was paid for each year he acted as county physician, his full salary as such, up to June 14, 1902. Appellant filed his demurrer to this special plea, which being overruled, he elected to abide by the same, and thereupon judgment was rendered against him in bar of the action and for costs.

The only question for us to determine is whether the services alleged in the declaration to have been rendered by appellant were embraced in his duties as county physician under the provisions of the resolution adopted by the board of supervisors.

Appellee, by virtue of the provisions of section 24 of chapter 107 Revised Statutes, is liable for such medical aid to persons falling within the class designated in the declaration, as the overseer of the poor in Danville Township shall deem necessary, subject to such rules and regulations as the county board may prescribe. That the county board had the right to contract with a physician to perform such services by the year for a stipulated compensation, is not and cannot be controverted. It is, however, insisted by appellant that a proper construction of the resolution, which must be held to state the terms of the contract between appellant and appellee, requires him to render medical and surgical aid to paupers only, and does not embrace within its terms the rendering of such aid to the resident poor of Danville Township not paupers. A construction

of the resolution quoted is not free from difficulty. To whom does the word "such" refer? Is the noun designating the class to whom medical and surgical aid is to be rendered, omitted in the resolution, or is there an omission of the words "as are in the," or words of like import following the word "township," and immediately preceding the words "county farm," to designate the domicile of the persons intended? The duty of relieving the necessities of the class of persons designated in section 24 of the Pauper Act is imposed upon the county board. Under that section, relief is to be given by the county to the persons therein designated, whether residents or non-residents.

The various institutions named in the resolution are manifestly not maintained for the care or safe keeping of residents of Danville Township only, but are, as their designations clearly indicate, institutions maintained by the county for the care or safe keeping of persons for whose care and safe keeping the county in its corporate capacity is responsible, without regard to the township residence of such persons. It is not reasonable to suppose that the county board intended to contract with appellant to render medical and surgical aid to those persons only in the institutions named who were legal residents of Danville Township. On the other hand, it seems to us altogether probable that, in pursuance to the obligation resting on the county to render such aid to all the persons in such institutions without regard to their legal residence in any particular township, such resolution was adopted with the intention that appellant or any physician employed in pursuance to it, should render such aid to all the inmates of those institutions. If this is the correct interpretation of the resolution, then the words "residents of Danville Township" should not be held to modify the several institutions named, so as to limit the obligation of appellant to render such aid to those persons only, in such institutions, who were legal residents of Danville Township. The word "such" preceding the word "residents" in the resolution, must be held to relate to some antecedent or consequent evidently

omitted by mistake, in the absence of which it fails to perform any office in the resolution. If the resolution designated none other than "residents of Danville Township," to whom medical and surgical aid should be rendered, a physician employed thereunder would be obligated to render such aid, not to every resident of Danville Township without regard to his or her financial ability, as is contended by counsel for appellant, but to such residents only of that township as the statute imposes upon the county the obligation to aid. The construction contended for by appellant of a resolution so framed would result in imposing upon him a burden neither authorized nor contemplated, and therefore not to be adopted. The general rule of construction requires that effect shall be given to all the words of a contract, but the purpose of construction, when necessary, is to effectuate the intention of the parties to such contract, and to accomplish this end, a word or phrase will be excluded or disregarded altogether, if necessary. C. B. & Q. R. R. Co. v. Barton, 120 Ill. 603.

In conformity with what seems to us to have been the intention of the parties expressed in the resolution, interpreting the same by well-settled rules of construction applicable thereto, we are of the opinion that such resolution imposed upon appellant the obligation to render medical and surgical aid to residents of Danville Township not having money or property to pay therefor, and to those inmates of the various institutions designated.

The court below so construed the resolution, in overruling the demurrer to the plea, and the judgment will therefore be affirmed.

*Affirmed.*