## Rock Island County v. J. E. Rankin.

### Gen. No. 4,443.

1. OVERSEER OF THE POOR—*binding effect of decision of.* The determination by the overseer of the poor that certain persons are entitled to relief, is an official act which is binding upon the county in favor of those who, in good faith, furnish medical attendance or supplies in reliance upon that order.

2. GOOD FAITH—*when presumed.* Good faith will be presumed where evidence which tended to prove the same was rejected upon the objection of the party denying good faith. .

Action of assumpsit. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

HAROLD A. WELD, State's Attorney, for appellant.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In the county of Rock Island the duty of providing for the poor rests upon the county. Peter Munson was a tenant upon an island in the Mississippi river, within the boundaries of Hampton township, in said county. His family contained twelve persons, himself and wife, nine children and a son-in-law. They were taken ill with malignant diphtheria and scarlet fever, and all the family had those diseases. Dr. J. E. Rankin, a physician, was called to attend them. After he had attended them about a week, he brought their condition to the attention of the supervisor, and the latter convened the board of health of the town. The board quarantined the island and the family. The supervisor then directed Dr. Rankin to attend the family, give them medical attention, furnish them such medicine as they needed, and see that they got other things so that they would not want, and he, as supervisor, would see that the bill was paid; or, as the supervisor put it, he told Dr. Rankin that his services would be paid for by the

county from the time of the quarantine. Dr. Rankin attended the family from December 12, 1901, to February 4, 1902. He gave up his other practice. Ten days and nights he spent continuously with them. He acted as nurse. Two of the children died, and he prepared them for burial. He purchased and furnished all medicines that were required. He brought this suit against the county to recover compensation for such services and medicine. He filed an itemized bill amounting to $200. Upon a jury trial he was held not entitled to recover that portion of the bill incurred before the supervisor made the promise in question, and so much thereof was deducted, and he recovered a verdict for the residue, $137.75, upon which verdict he had judgment, and defendant appeals.

Appellant's principal contention is that Munson was not a pauper, and therefore the county is not bound. Section 14 of chapter 104 of the Revised Statutes of 1874, entitled "Paupers," requires every county except those in which the poor are supported by the towns, to relieve and support all poor and indigent persons lawfully resident therein, except as in said act otherwise provided. Section 24 of said act provides that when any person not coming within the definition of a pauper shall fall sick, not having money or property to pay his board and medical aid, the overseers of the poor of the town shall give or cause to be given to him such assistance as they deem necessary and proper, subject to such rules and regulations as the county board may prescribe. The supervisor was overseer of the poor of this town, and it was not shown at the trial that the county board had prescribed any rules or regulations. Munson was a tenant and had a certain amount of live stock upon the island he occupied, which he scheduled for taxation in 1901 at $750, and in 1902 at $450. A witness for defendant estimated it was worth $1,200 or $1,500, but he did not claim to know whether there were any mortgages against it or the landlord's lien upon it for rent, and his knowledge of the property was shown upon cross-examination to be quite indefinite. Munson was quarantined upon the island and could not leave it for the purpose of selling the property, nor was

any one permitted to go there who might have bought it. Appellee sought to prove what efforts and inquiries he made to ascertain Munson's financial condition, and whether he was able to bear these expenses, and also sought to show by the supervisor what efforts he made to ascertain Munson's financial condition and ability to care for himself, but appellant objected to such proof, and the court sustained the objection. We are of opinion that the determination by the overseer of the poor that certain persons are entitled to relief is an official act which is binding upon the county in favor of those who in good faith furnish medical attendance or supplies in reliance upon that order. Town of Kankakee v. McGrew, 178 Ill. 74; County of La Salle v. Hatheway, 78 Ill. App. 95. As defendant objected to the evidence by which appellee sought to show that he acted in good faith, and that the supervisor also did so, and secured the rejection of the testimony, we think it must be assumed here against appellant that both appellee and the supervisor acted in good faith. Hahl v. Brooks, 213 Ill. 134. Indeed, there is no indication that they did not. If Munson had been required to sacrifice his live stock on the farm to meet the extraordinary expense imposed by this highly contagious illness, he probably would have been reduced to the condition of a pauper.

It is urged the court erred in permitting appellee to state that the value of the medicines he furnished was forty or fifty dollars, the objection being that there was no such charge in the bill of particulars. The bill of particulars did include medicine in various items of charge, but not amounting to any such sum. Plaintiff, however, stated that the charge of $200 for which he was suing included the medicine as well as his services. That being the case, the testimony objected to did appellant no harm. We approve of the ruling of the court upon the instructions. We are of opinion that under the evidence the order of the supervisor made the county liable for this bill. The judgment is, therefore, affirmed.

*Affirmed.*