(No. 35500.—

THE PEOPLE *ex rel.* C. H. Myers, County Collector, Appellee, *vs.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed March 31, 1960.*

Robert M. Werden, and Craig & Craig, both of Mattoon, for appellant.

Williams and Resch, of Casey, for appellee.

Mr. Justice Daily delivered the opinion of the court:

Appellant, the Pennsylvania Railroad Company, appeals from a judgment of the county court of Cumberland County overruling its objection to the 1957 tax levied for educational purposes by Community Unit School District No. C-1, a district of less than 500,000 population and one which maintains grades 1 to 12, inclusive. The sole issue is whether, in 1957, the levy of a community unit district was governed by section 17—2 of the School Code, which permitted a maximum rate of 1.25 per cent for educational purposes, (Ill. Rev. Stat. 1957, chap. 122, par. 17—2,) or by section 8—13 of the Code which authorized a maximum rate of only 1.00 per cent (Ill. Rev. Stat. 1957, chap. 122, par. 8—13.) The district in this case extended its tax at a rate of 1.25 per cent and it is the appellant's contention that the rate was excessive by .25 per cent.

District No. C-1, embracing territory in Clumberland, Clark, Jasper, and Crawford counties, was organized as a community unit district in 1948 pursuant to the provisions of sections 8—9 to 8—14, inclusive, of the School Code. (Ill. Rev. Stat. 1947, chap. 122, pars. 8—9 to 8—14.) Except for minor changes of no significance to the present problem, section 8—13, as it existed from 1948 to and including the time District No. C-1 levied its 1957 educa-

tional tax, extended taxing authority to community unit districts as follows: "The board of education may levy a tax annually upon all the property of the district not to exceed, except as provided in Sections 8—9, 17—3, 17—4 and 17—5 of this Act, one per cent for educational purposes and .25 per cent for building purposes and the purchase of school grounds, upon full, fair cash value, as equalized or assessed by the Department of Revenue. Such rates may thereafter be increased or decreased in the same manner and within the same limits provided by Article 17 of this Act." Ill. Rev. Stat. 1957, chap. 122, par. 8—13.

Article 17 of the School Code deals with budgets, tax warrants and tax rates of school districts, generally, where the population of the district is less than 500,000 inhabitants. Section 17—2 thereof, during the period from 1948 through 1956, at no time authorized an educational rate in excess of .65 per cent. Sections 17—3, 17—4 and 17—5, specifically referred to in section 8—13, above, relate to the increase of tax rates for various purposes by means of referendum.

In the case of *People ex rel. Moore* v. *Chicago, Burlington & Quincy Railroad Co.* 414 Ill. 419, decided in 1953 and involving a dispute as to 1949 taxes, the court was called upon to resolve the identical issue presented in the instant case, *viz.*, whether the tax levies for community unit districts were governed by section 8—13 or by section 17—2. Pointing out that the act relating to community unit districts deals with an entirely different subject matter than those sections of the school law relating to school districts generally, we held that community unit districts properly levied their taxes at the rates prescribed in section 8—13. In construing the latter section, we said that the reference therein to sections 17—3, 17—4, and 17—5, demonstrated positively that the legislature was considering article 17 at the time section 8—13 was enacted and deliberately chose to provide different building and educa-

tional rates for community unit districts, while leaving the provisions for possible increase by referendum the same as applicable to school districts generally.

District No. C-1, in the instant case, concedes that its educational levy was controlled by section 8—13 from 1948 until 1957, indeed during that period it annually levied an educational tax at a rate far in excess of rates authorized by section 17—2, but insists that an amendment to section 17—2 enacted by the legislature in 1957 was designed to permit any school district maintaining grades 1 through 12, including community unit districts, to increase the maximum rate for educational purposes to 1.25 per cent, and thus, that the force and effect of the *Moore* decision has been overcome. In short, it is the district's position that the 1957 amendment reflects a legislative intention that tax levies for educational and building purposes of community unit districts are now to be governed by section 17—2.

As it was amended in 1957 by House Bill 706, the scope and effect of which was recently considered in *People ex rel. Dickey* v. *Southern Railway Co.* 17 Ill.2d 550, section 17—2 provided in part as follows: "The school board of any district having a population of less than 500,000 inhabitants may levy a tax annually * * * as hereinafter prescribed: (1) districts maintaining only grades 1 to 8, each inclusive, at a rate not to exceed .65% for educational purposes and .1875% for building purposes * * *; (2) districts maintaining grades 9 to 12, each inclusive, at a rate not to exceed .65% for educational purposes and .1875% for building purposes * * *; (3) districts maintaining grade 9 to 12, each inclusive, in addition to grades 1 to 8, each inclusive, at a rate not to exceed 1.25% for educational purposes and .25% for building purposes * * *." Ill. Rev. Stat. 1957, chap. 122, par. 17—2.

It may be seen that the amendment does not make sec-

tion 17—2 applicable to community unit districts in express terms, and it is likewise to be observed that the legislature, in 1957, did not amend section 8—13 to include section 17—2 as a further exception to the limitations placed upon the taxing authority granted to such districts. Appellee contends, however, that a legislative intention to accomplish such result is made manifest when "the drastic rewording and revision" embodied in the 1957 amendment is compared with the language of section 17—2 in force when the *Moore case* was decided by this court. More concretely, it is urged that when the legislature undertook for the first time in the 1957 amendment to delineate specific tax rates for schools maintaining grades 1 through 12, it must have intended for the section to have application to all school districts maintaining such grades, including community unit districts. In our view, the legislative history of section 17—2 lends no support to such a conclusion.

When under consideration in the *Moore case,* wherein we found that it did not apply to community unit districts, section 17—2 provided as follows: "For the purpose of establishing and supporting free schools for not fewer than eight months in each year and defraying all the expenses thereof; * * * in each district * * * having a population of less than five hundred thousand inhabitants, the school board of such district * * * may levy a tax annually upon all the taxable property of the district * * * not to exceed, except as provided in Sections 17—3, 17—4 and 17—5, .50 per cent for educational purposes and .1875 per cent for building purposes * * *." (Ill. Rev. Stat. 1947, chap. 122, par. 17—2.) The section thus provided that all districts, regardless of the number of grades maintained, could levy a maximum rate of .50 per cent for educational purposes. The legislature, however, was not oblivious to the differences in educational tax needs resulting from the number of grades maintained, for section 17—2 further authorized the use of building funds for educa-

tional purposes when necessary, and concluded by providing: "However, notwithstanding any other provisions of this section, if the maximum levy which the school board of any such district, village or city may make without referendum or pursuant to referendum theretofore held, will not produce an amount equal, in the case of districts not maintaining grades 1 to 12, to one-fourth (¼) of one per cent, or an amount equal, in case of districts maintaining grades 1 to 12, to three-eighths (⅜) of one (1) per cent of the full value of all taxable property in the district, determined pursuant to Section 18—9 of this Act, then the school board of any such district, village or city, as the case may be, shall be authorized to levy an amount equal, in the case of districts not maintaining grades 1 to 12, to one-fourth (¼) of one (1) per cent or an amount equal, in the case of districts maintaing grades 1 to 12, to three-eighths (⅜) of one (1) per cent of the full value of all taxable property in the district as so determined."

Thereafter, during the period from 1949 through 1957, section 17—2 was amended at each term of the legislature. At the session in 1949 and again in 1951 the authority to use building funds for educational purposes was extended and, also in 1949, authority was granted certain districts to make supplemental levies. (Ill. Rev. Stats. 1949 and 1951, chap. 122, par. 17—2.) In 1953, all authority was withdrawn except that which permitted a levy of .50 per cent for educational purposes and .1875 per cent for building purposes, (Ill. Rev. Stat. 1953, chap. 122, par. 17—2.) The amendment of 1955 provided that districts maintaining only grades 1 through 8 could levy an educational tax at a rate not to exceed .50 per cent, while districts maintaining grades 9 through 12 were authorized to levy for the same tax at a rate not to exceed .65 per cent. In 1957 section 17—2 was amended twice. By the first of such amendments, which also included authority to levy a transportation tax, a further classification for educational tax

purposes was made to provide that such taxes could be levied as follows: (1) districts maintaining grades 1 through 8 at a rate not to exceed .50 per cent; (2) districts maintaining grades 9 through 12 at a rate not to exceed .65 per cent; (3) districts maintaining grades 9 through 12, in addition to grades 1 through 8, at a rate not to exceed 1.00 per cent. A building rate of .1875 per cent was provided for all classifications. (See: House Bill No. 345, Laws of 1957, p. 843.) By a later bill, House Bill No. 706, (1) and (2) above were unchanged, but (3) was amended to provide an educational tax of 1.25 per cent and a building tax of .25 per cent for districts maintaining grades 9 through 12, in addition to grades 1 through 8. See: Laws of 1957, p. 2437.

In view of the constant changes made in section 17—2 over the period in question, and in the absence of some express indication by the legislature that the scope of the section was being extended to include community unit districts, we fail to see how the changes effected by the second 1957 amendment could be said to have any greater application to community unit districts than did the changes made in preceding years. This is particularly true when it is considered that community unit districts do not alone maintain grades 1 through 12, and that the educational tax authority granted to community unit districts by section 8—13, in an amount considerably in excess of that permitted to the districts governed by section 17—2 remained unchanged while the legislature sought in many different ways to solve the tax problems of other types of school districts. We expressly held in *People ex rel. Moore* v. *Chicago, Burlington & Quincy Railroad Co.* 414 Ill. 419, at 425, that the amendments made to section 17—2 in 1947 and 1949 were not repugnant with section 8—13 and that such amendments afforded no plausible reason for a conclusion that section 17—2 was to apply to community unit districts. Nothing appears in the 1957

amendment or in the arguments of appellee which calls for a different conclusion. Had the legislature intended for the section 17—2 to apply to community unit districts after the 1957 amendment, it would have been a simple matter to so provide.

To give effect to appellee's contentions would result in the repeal of section 8—13 by implication and run counter to numerous decisions of this court which hold that repeals by implication are never favored, and that the clearest case possible must be made before inference may properly be drawn that a later act, by implication, repeals an earlier one. (*Dugan* v. *Berning,* 11 Ill.2d 353; *City of Chicago* v. *Willett Co.* 1 Ill.2d 311; *People ex rel. Ammann* v. *Wabash Railroad Co.* 391 Ill. 200.) There is no clear case here but, on the contrary, there is much which mitigates against repeal by implication. It is a settled rule of statutory construction that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the same subject either in the same act or in the general laws relating thereto. (*People ex rel. Goodman* v. *Wabash Railroad Co.* 395 Ill. 520; *Ashton* v. *County of Cook,* 384 Ill. 287; *Frank* v. *Salomon,* 376 Ill. 439.) Again, it is held courts will presume that the legislature amended a statute with knowledge of existing statutes and, in arriving at the legislative intent, the language of the amendment must be construed in the light of previous decisions of the courts construing the original act. (*People ex rel. Nelson* v. *Wiersema State Bank,* 361 Ill. 75; *People ex rel. James* v. *Illinois Central Railroad Co.* 314 Ill. 373.) In the *Moore case,* when directly confronted with the issue of whether the legislature intended for the tax rates set forth in section 17—2 to apply to community unit districts, we held that the act pertaining to community unit school districts dealt with an entirely different subject matter than the sections of the school law pertaining to districts generally, and found no repugnancy

between the section dealing with the tax rates of a community district in particular and the section treating generally upon the subject of tax rates for districts under 500,000 population. When the 1957 amendment to section 17—2 is appraised in light of the legislative awareness of our decision, it cannot be said that section 8—13 has been repealed either expressly or by implication.

Section 17—2.1 of the School Code, which was first enacted in 1957 as a companion measure to the amendment of section 17—2, provides that whenever a school district first levies a tax at a rate within the limit prescribed by paragraph (3) of section 17—2, (i.e., an educational levy of 1.25 per cent or a building levy of .25 per cent by districts maintaining grades 1 through 12,) any taxpayer, upon the filing of a proper petition, may cause the proposition for such increased tax rate to be submitted to a referendum. (Ill. Rev. Stat. 1957, chap. 122, par. 17—2.1.) Although appellee contends to the contrary, largely on the basis of rationalization that the legislature must have wanted community unit districts to also have the advantage of tax increase by a so-called "back door" referendum, we find nothing in this section which indicates a legislative intent that section 17—2 was to apply to community unit districts. The fact remains that neither section 17—2 nor section 8—13 have been amended in such a manner that section 17—2 may be applied to community unit districts.

For the reasons stated it is our opinion that the rate at which the educational tax was extended in this case is excessive by .25 per cent. Accordingly, the judgment of the county court of Cumberland County is reversed and the cause is remanded with directions to sustain the appellant's objection.

*Reversed and remanded, with directions.*