Apollo Savings and Loan Association, Plaintiff-Appellee, v. William E. Burow and Joan S. Burow, Defendants, and J. R. Willens, Trustee, Defendant-Appellee, and United States of America, Defendant-Appellant.

Gen. No. 11,629.

Second District, Second Division.

February 19, 1963.

Rehearing denied April 2, 1963.

Louis F. Oberdorfer, Assistant Attorney General, Lee A. Jackson, Joseph Kovner and David I. Granger, Attorneys, Department of Justice, of Washington, D. C., James P. O'Brien, United States Attorney, and John R. Hieber, Assistant United States Attorney, of Chicago, for appellant.

Fischel, Kahn, Heart & Weinberg (Jay L. Olschan, of counsel), of Chicago, for appellee.

WRIGHT, P. J.

The plaintiff, Apollo Savings and Loan Association filed its complaint in the Circuit Court of DuPage County on May 15, 1961, to foreclose a mortgage held by it, executed by the defendants, William E. Burow and Joan S. Burow. Attached to the complaint were the promissory obligation and the mortgage securing the obligation. Both provided for a reasonable attor-

ney's fee for the mortgagee in the event of default and court proceedings.

On July 14, 1961, the plaintiff filed an amendment to its complaint reciting that the defendants, had executed a trust deed dated May 13, 1958, on the property involved, to J. R. Willens, but asserted that this lien was inferior to its own. The trust deed also provided for reasonable attorney's fee. The amendment to the complaint also recited that the United States possessed a lien on the property involved by virtue of a notice of tax lien filed May 24, 1960, on an assessment made May 29, 1959, in the amount of $525.41, and a notice of tax lien filed November 23, 1960, on assessments made on June 7, 1957, and May 29, 1959, in the respective amounts of $125.12 and $512.14. The amendment to the complaint also asserted that this lien of the United States was inferior to that of the plaintiff.

The United States filed its answer to the complaint and amendment thereto, on September 5, 1961. It recited therein that assessments for unpaid federal income taxes were made on June 7, 1957, and May 29, 1959; that notices of said liens were filed November 23, 1960, and May 24, 1960, respectively; that there was no outstanding balance under the June 7, 1957, assessment; that the outstanding balance on the May 29, 1959, assessment was $529.26, plus interest, and denied that its lien was inferior to plaintiff's lien.

On December 4, 1961, the trial court filed its decree of foreclosure and sale and allowed the plaintiff a first and prior lien for principal and interest due, for advances made pursuant to the terms of the mortgage and obligation note for real estate taxes and insurance and for costs including an attorney's fee of $1,215. The trial court also decreed foreclosure of the trust deed held by J. R. Willens and allowed an attorney's fee of $300.

The decree further found that the defendant, United States of America, is the owner and holder of a tax lien against the premises in question by reason of the District Director of Internal Revenue Services having recorded a Notice of Federal Tax Lien on May 24, 1960, with the County Recorder of DuPage County, Illinois, against William E. Burow, Jr., and Joan Burow for the sum of $525.41 for federal income taxes for the year 1958, said income tax having been assessed on May 29, 1959, in the amount of $525.41; and there is now due and owing to the United States of America by reason of said lien the sum of $529.26, plus interest at the statutory rate of six percent from September 12, 1961, to the date of payment.

The decree provided that said lien of the United States of America is in all respects subject, inferior and subordinate to the lien of the plaintiff's mortgage and the lien of the note held and owned by Joseph R. Willens, as trustee, and secured by the trust deed made in favor of Joseph R. Willens, trustee under said trust deed.

The United States admits that the principal amount secured by the mortgage and trust deed and the interest thereon have priority over the government's lien for taxes, but contends that the tax lien of the United States has priority over attorney fees allowed for plaintiff's attorneys because the claim for attorney fees was inchoate and subsequent in time to the lien for federal taxes and that the trial court erred in holding the government tax lien inferior to the lien for attorney fees.

The question of priority of lien for federal taxes is governed by the statutory provisions and must be construed according to federal law. United States v. Security Trust and Savings Bank, 340 US 47.

Section 6321 of the Internal Revenue Code of 1954 imposes a lien in favor of the United States upon all property of a person liable to pay any tax who neg-

276

lects or refuses to pay after demand. Section 6322 of that code provides that this lien shall arise at the time assessment is made, except that under Section 6323(a) of the 1954 code, the tax lien is not valid against a mortgagee, pledgee, purchaser or judgment creditor until notice of the lien has been filed.

 Congress had the authority to enact legislation for the collection of federal taxes. The meaning of such statutes must be determined by the court. United States v. Gilbert Associates, 345 US 361. Congress unquestionably intended by Section 6323 to give priority to the claim of a mortgagee where the notice of lien was filed after the mortgage was recorded. The sole question, therefore, is whether the attorney fees provided for in the mortgage upon answer being filed or foreclosure of the mortgage by the mortgagee shall take precedence over the tax lien where the attorney fees were incurred after the notice of the federal tax lien.

There can be no question in the instant case that the attorney fees were indefinite in amount and were not due and payable to the mortgagee under the terms of the mortgage until the foreclosure proceedings was filed by the mortgagee.

In United States v. Bond, 4 Cir, 1960, 279 F2d 837, cert denied 364 US 895, the court in the majority opinion after a studious review of the cases decided by the Supreme Court of the United States on the question of choate and inchoate liens held that the attorney fees for the mortgagee were inchoate and subordinate to the federal tax lien where notice of the tax lien was prior to the incurrence of attorney fees. The court in that case reasoned that at the time the federal lien was recorded, no attorney fees had been incurred and, therefore, when the federal liens were recorded the amount of the attorney fees were uncertain and inchoate and in fact might never be incurred.

277

■ The rationale of United States v. Bond, supra, was recognized by the court in Hoare v. United States, 9 Cir, 1961, 294 F2d 823. In that case a chattel mortgage was executed before the notice of the federal tax lien to secure payments of rent. The court allowed the mortgagee's lien for the amount in arrears on the date the federal tax lien was effective under the provisions of Section 6323 of the Internal Revenue Code of 1954, but held that the amount of rent in default subsequent to the date of the federal tax lien was inferior and subordinate to the federal tax lien. The holding in this case as in other cases indicates that the protection afforded by Section 6323 to a mortgagee includes only the definite amount due the mortgagee prior to the notice of the federal tax lien.

■■ A general rule governing priority between federal tax liens and those arising under state law is that a competing lien will have priority over a federal lien only if the competing lien arises and becomes perfected and choate prior to the time the federal lien attaches. A lien is regarded as choate when the identity of the lienor is established, the property subject to the lien is known, and the amount of the lien is established, United States v. New Britain, 347 US 81.

■ In the instant case, the attorney fees allowed the plaintiff were not incurred until the mortgage foreclosure proceedings were instituted which was subsequent to the notice of the federal tax lien. On the date of the filing of the notice of the federal tax lien the attorney fees provided for in the mortgage and trust deed did not meet the choate test as enunciated by the United States Supreme Court in United States v. New Britain, supra, and other cases.

The attorney fees were not incurred or the amount thereof definitely fixed until after the filing of the notice of the federal tax lien. In such case, the federal tax lien is superior to the lien for attorney fees. United States v. Lorton, 206 F Supp 351 (1961).

278

The decree of the Circuit Court of DuPage County is reversed and remanded with directions to proceed in conformity with the views herein expressed.

Decree reversed and remanded.

SPIVEY and CROW, JJ., concur.