Commercial Mortgage & Finance Co., an Illinois Corporation, Plaintiff-Appellee, v. City of Rockford, a Municipal Corporation, and Roy Hunt, Building Inspector of the City of Rockford, Defendants-Appellants.

Gen. No. 64-152.

Second District.

August 31, 1965.

Lawrence J. Ferolie, of Rockford, for appellants.

Wilbur E. Johnson and Alan G. Sumberg, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

This is an appeal by the defendants from a judgment on the pleadings in a declaratory judgment action brought by plaintiff to determine its right to a building permit. The question before us is whether the pleadings raised any disputed question of material fact.

On the original complaint and answer, there was a question of fact raised as to whether plaintiff had in fact filed the necessary application for a building permit with the defendant City. This question arose because the defendants denied that the person who filed the application was acting for the plaintiffs. However, a new application was submitted by the plaintiff itself, and a supplemental complaint was then filed, alleging this fact. There was no further dispute as to whether plaintiff had filed the necessary application, so that this question need not concern us.

The complaint, as supplemented, alleged that plaintiff was the owner of certain property in the City of Rockford; that the property was zoned for "local business," and that a retail grocery store is a permitted use under that classification; that the plaintiff filed with the defendant building inspector an application for a permit to construct a retail grocery store on the property, paid the required fee and submitted plans and specifications which were in conformity with the requirements of the zoning and building codes of the City. All of these allegations were admitted by the defendants' answer. The supplemental complaint further alleged that the defendant building inspector had refused to issue the requested permit. In answer to this allegation, the defendants stated that "they admit that defendant refused to issue the requested building permit on the grounds that the premises are not prop-

161

erly zoned for uses set forth in the application." The defendants contend that this portion of their answer raises a question of fact as to whether the property was zoned for the grocery store, and that this question of fact should have precluded entry of judgment on the pleadings.

The defendants' answer admitted that the application was for a grocery store, and that a grocery store was a permitted use under the zoning classification which applied to the property at the time. In view of this, we do not believe that the further statement in the answer to the effect that the permit was denied "on the grounds that the premises are not properly zoned for the uses set forth in the application" can be regarded as raising a genuine fact issue. To plead that the premises were "not properly zoned," without specifying wherein the zoning was improper, is to plead a conclusion, not a fact. Moreover, this portion of the answer does not actually deny that the zoning was "proper," whatever that term might mean. It merely describes a reason assigned for refusal of the permit, without necessarily implying that the reason was grounded in fact.

There is no contention by the defendants, in their pleadings or elsewhere, that the property was not actually zoned for a grocery store use at the time the plaintiff filed its application. The basis of the argument about zoning is that, after plaintiff filed this action, the City Council took under consideration a proposed ordinance which would reclassify the property to a residential use. This ordinance had not been passed at the time the plaintiff's motion for judgment on the pleadings came on for hearing. Defendants' counsel requested a continuance on the ground that further time was needed to enact the ordinance, but the court refused to grant the continuance and, on the pleadings as they then stood, entered judgment

162

in favor of plaintiff. The defendants do not assign as error this refusal of the trial court to grant the requested continuance.

■ Whether the rights of an applicant for a building permit can be affected by a subsequent zoning change is a question which has received some attention by the Courts of this State. See Sgro v. Howarth, 54 Ill App2d 1, 203 NE2d 173 (4th Dist 1964); Phillips Petroleum Co. v. City of Park Ridge, 16 Ill App2d 555, 149 NE2d 344 (1st Dist 1958). See also Cos Corp. v. City of Evanston, 27 Ill2d 570, 190 NE2d 364 (1963), and People ex rel. Skokie Town House Builders, Inc. v. Morton Grove, 16 Ill2d 183, 157 NE2d 33 (1959). In the instant case, however, we do not have occasion to consider this question, since it is not raised by the pleadings.

■ After the trial court entered the judgment declaring that plaintiff was entitled to the building permit, defendants filed a motion to vacate, setting forth in some detail the steps which resulted in the eventual rezoning of the property subsequent to the date judgment was entered. The motion also recited some of the considerations which allegedly prompted the zoning change. However, this new matter set forth in the motion to vacate was entirely immaterial to the state of the pleadings at the time judgment was entered, and the motion was, therefore, properly denied.

The judgment of the lower court will be affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.