St. John's Hospital of the Hospital Sisters of the Third Order of St. Francis, an Illinois Corporation, Plaintiff-Appellant, v. The Town of Capitol, a Municipal Corporation of the State of Illinois, Defendant-Appellee, and William G. Clark, Attorney General of the State of Illinois, Defendant-Intervenor.

Gen. No. M–10,752.

Fourth District.

September 26, 1966.

Graham & Graham, of Springfield, for appellant.

Roy Geibe Hill and William G. Clark, Attorney General of the State of Illinois, of Springfield (Madalyn Maxwell, of counsel), for appellee.

HOFFMAN, J.

This is an appeal from a judgment in favor of Defendant township, pursuant to a jury verdict, finding that Plaintiff hospital was not entitled to payment from the Defendant for medical and hospital services rendered a minor child.

The facts are not in dispute. The minor, Mark Gill, age 4, was struck by an automobile driven by one Harold Olsen, who carried personal liability insurance upon his vehicle. The child was taken to Plaintiff hospital and received treatment totalling $492.40. The hospital billed Defendant township due to the indigence of Gill's family. Because of Olsen's insurance, Defendant refused payment, and this suit resulted. It is clear in the record that the sole reason for refusal of payment, under the statute pertaining to medically indigent persons, is the existence of Olsen's liability insurance, and it is agreed that the

only question here involved is whether or not such insurance prevents Gill from being medically indigent. Although the question is moot henceforward, because of a change in Department of Public Aid regulations, which now permits such payment, we are compelled to rule in the instant matter due to Defendant's and the Attorney General's resistance to this appeal.

The applicable statute (c 23, § 414, Ill Rev Stats 1965) provides:

> "When a person not otherwise eligible for or receiving general assistance . . . falls sick or dies, not having sufficient money, property, or other resources, . . . to meet the cost of necessary medical, dental, hospital . . . care . . . , the supervisor of general assistance in the governmental unit in which such person is at the time of his illness or death, shall give or cause to be given to him such care as may be necessary and proper . . . ."

To aid in the administration of this statute, the Department of Public Aid promulgated a rule regarding those cases arising out of tort injuries. Such rule, being designated as Rule 6300, reads as follows:

> "Policy. When an applicant or recipient has been injured and may have a right to collect damages for that injury, he shall be expected to take appropriate action to collect such damages as may be due him, since such personal injury claims constitute *a potential resource* for his support." (Emphasis added.)

Pursuant to this rule the township supervisor in the instant case took the position that young Gill was not medically indigent, because of Olsen's insurance.

█ All parties agree that in Illinois there has been a long-standing statutory liability upon local government to provide medical services for persons who cannot meet

their medical bills. (See Laws 1821, p 100, 101). It is stated in the present Act (c 23, § 101, Ill Rev Stats 1965) that "assistance and services for persons who are unable to provide themselves with a minimum standard of living compatible with decency and health are hereby declared to be special matters of public concern and a necessity in promoting the public health and welfare."

For these long-standing reasons the statute, as above noted, provides that assistance be given for those "not having sufficient money, property and other resources."

■ ■ It has been held by our courts that the overseer of the poor (now the Supervisor of General Assistance) cannot refuse to fulfill his duties upon the ground that the unfortunate has relatives who may be liable. Moreover, the duty cannot be refused even if there is no money in the treasury or no tax in the course of collection (although this payment must be approved by the county board). Town of Kankakee v. McGrew, 178 Ill 74, 52 NE 893. In the latter case, the Supreme Court stated, at page 84,

> "The necessities of the unfortunate class designed to be relieved by the law do not, however, admit of delay. Pain and suffering must be relieved; food, clothing and shelter must be furnished to those in need; the dead must be buried. Prompt relief is imperative, and the overseer of the poor may not await the action of the State's attorney and the termination of proceedings in court, but, as the representative of the town, must care for those who are so unfortunate as to be entitled to assistance from the public."

Again, in Rock Island County v. Arp, 118 Ill App 521, the Appellate Court held that the supervisor was not required to wait for relatives to act. See also: Town of

Aroma Park, Kankakee County v. Town of Papineau, Iroquois County, 313 Ill App 135, 39 NE2d 396.

Here, the supervisor is saying that the hospital, which by statute (c 111½, § 86, Ill Rev Stats) is required to furnish emergency treatment to the injured, must await payment until Olsen's insurance company either voluntarily, or by suit, makes such payment. Such a position is not realistic in today's world. All of us know the delays and perils of litigation. In the instant case, the fact is that the insurance company has not yet paid this bill, nor has the minor sued.

■ In our view, the position of the township supervisor here was unreasonable, and the Department regulation upon which the supervisor relied was contrary to the public policy behind the law. The bill should have been paid promptly by the Defendant, and the township should have looked to its subrogation.

There being no other point involved, the judgment is contrary to law and is reversed. Judgment is entered here in favor of the Plaintiff in the sum of $492.40 together with its costs.

Judgment reversed and judgment here.

SMITH and CRAVEN, JJ., concur.