**Donald Partney, Plaintiff-Appellant, v. William Dallas, et al., Defendants-Appellees.**

Gen. No. 68–126.

Fifth District.

July 1, 1969.

Chapman, Strawn & Kinder, of Granite City (Charles W. Chapman, of counsel), for appellant.

Law offices of William W. Schooley, of Granite City (Robert P. Hennessey and William W. Schooley, of counsel), for appellees.

GREEN, J.

This appeal is from a final order dismissing on motion a complaint for declaratory judgment brought by the Mayor of Granite City against all of the members of its City Council. The complaint alleged that the following created an "actual controversy" within the Illinois

provision for declaratory judgments. (Ill Rev Stats 1967, c 110, § 57.1.) Ordinance 2181 of that City authorized the Mayor to appoint the members of Council committees, and pursuant thereto he made such appointments on May 20, 1968, for the 1968–1969 fiscal year; the Council then purported to make its own appointments and then enacted Ordinance 2550 repealing Ordinance 2181 and providing that Council committees should be appointed by the Council itself. They then, on June 24, 1968, approved their previous appointments. A declaration was sought that the Committees appointed by the Mayor were valid for the entire fiscal year.

Various contentions were made by the parties below and in their briefs here but both stated in oral argument that it was highly desirable that a determination be made here as to who the members of the Council committees were during the time in question and requested that this be done. In furtherance of this request the parties have stipulated that the allegations of the complaint are true.

We must first determine if there is anything which precludes us from doing this. One problem is that the fiscal year involved has ended and both sides agree that the Council has power to make appointments thereafter. The question in issue has become moot and under these circumstances an appeal is usually dismissed. In People ex rel. Wallace v. Labrenz (411 Ill 618, 622, 104 NE2d 769), however, the trial court pursuant to dependency petition had appointed a guardian for an eight-day-old child with power to consent to having a blood transfusion administered to the child. The parents objected on religious grounds. The appeal was perfected after the transfusion had been given and the guardian discharged. In refusing to dismiss the appeal although it involved a moot question, the court stated:

"But when the issue presented is of substantial public interest, a well-recognized exception exists

263

to the general rule that a case which has become moot will be dismissed upon appeal. (See cases collected in 132 ALR 1185.) Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question." (People ex rel. Wallace v. Labrenz, 411 Ill 618, 622, 104 NE2d 769.)

The citation in 132 ALR 1185 lists the foregoing criteria and other reasons why an appeal on a moot question should either be heard or dismissed. At page 1195 it lists as an additional ground for hearing the appeal, the mutual request of the parties for a decision.

■ The case under consideration involves a dispute between public officials in the conduct of their offices. Ordinances of various municipalities and the practices in relation thereto often follow similar patterns so that this dispute could well arise again in this or some other city. The officials would therefore be in need of guidance. For these reasons and because of the joint request of the parties, we choose to hear the appeal.

■ No other reason precludes us from proceeding. Appellee has admitted the allegations of the complaint including the statement that "the acts of the defendants have created a case of actual controversy." As we have stated, the dispute is, in fact, between officers of a public body as to the membership of its Council committees.

"The scope of the declaratory judgment remedy should be kept wide and liberal and not restricted by technicalities." (Koziol v. Village of Rosemont, 32 Ill App2d 320, 327, 177 NE2d 867.)

The political nature of the question in issue does not preclude intervention. (Progressive Party v. Flynn, 400 Ill

102, 79 NE2d 516; People ex rel. Engle v. Kerner, 33 Ill2d 11, 210 NE2d 165.) The complaint need not be sufficient to entitle plaintiff to the declaration he seeks as long as grounds for a declaration of rights are alleged. (22 Am Jur2d 954, Declaratory Judgments, § 88.)

Ordinance 2181 which gave the mayor power to make the appointments provided in part as follows:

"SECTION 3: The Mayor shall appoint the members of all standing and special committees and shall designate the chairman thereof. Every committee shall consist of three members including the chairman.

"SECTION 4: Members of the Standing Committee shall serve from the time of their appointment as provided herein and until such time as the Mayor shall appoint a new member or members to said committee."

Ordinance 2550 which was subsequently enacted expressly repealed Ordinance 2181 and invested the authority to appoint committees in the Council. Regardless of what the practice might have been and regardless of the attempt of the Mayor to appoint committees for a term under Ordinance 2181, those whom he appointed under that ordinance served at his pleasure. When that ordinance was repealed, those whom he had appointed served at the pleasure of the new appointing authority, which by Ordinance 2550 became the Council itself. When the appointments by the Council were finally perfected, on June 24, 1968, this action had the effect of terminating the appointments of the Mayor and those appointed by the Council became the members of the various committees of the Council as of that date.

■ The Mayor contends that the provisions of Ill Rev Stats 1967, c 24, § 3-7-1 providing for the abolition of certain city offices "by ordinance or resolution, to take effect at the end of the current fiscal year" is controlling.

The foregoing, however, has reference to city officers who would otherwise be elected by the electorate (Ill Rev Stats 1967, c 24, § 3–4–19). It is not applicable to the internal organization of the Council.

██ Therefore, pursuant to the power vested in this Court by Ill Const 1870, art VI, § 7, and Supreme Court Rule 366(a)(1), (5), Ill Rev Stats c 110–a, § 366(a)(1), (5), the order of the trial court is modified to declare that the parties defendant whose names appear together with their committee appointments on Exhibit "C" of the complaint herein constituted the members of the committees as set forth thereon of the City Council of Granite City beginning on June 24, 1968. The judgment as modified is affirmed.

Judgment as modified affirmed.

GOLDENHERSH, P. J. and EBERSPACHER, J., concur.