(No. 44261.-

THE DEPARTMENT OF PUBLIC WORKS AND BUILD-INGS, Appellee, v. GEORGE WISHNEVSKY *et al.,* Appellants.

*Opinion filed May 22, 1972.*

RYAN, J., took no part.

ROGER V. PIERSON, of Princeton, and WILLIAM J. WIMBISCUS, JR., of Spring Valley, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield (WILLIAM P. RYAN, Assistant Attorney General, and DONALD C. MARTIN, Special Assistant Attorney General, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

The Department of Public Works and Buildings filed a condemnation petition in the circuit court of Bureau County to take a part of the defendants' land in connection with the widening of an existing highway from two to four lanes. The defendants filed a demand that the Department take the whole parcel of their land rather than merely that part needed for the widening. On October 14, 1969, the court entered an order which provided that the Department take the entire parcel of the defendants' land. The appellate court reversed the judgment of the trial court *(Department of Public Works and Buildings v. Wishnevsky (Ill.App. 1971), 267 N.E.2d 355)* and we allowed the petition for leave to appeal.

The pertinent statute provides:

"When acquiring land for a highway on a new location, and when a parcel of land one acre or less in area contains a single family residence, which is in conformance with existing zoning ordinances, and only a part of that parcel is required for State highway purposes causing the remainder of the parcel not to conform with the existing zoning ordinances, or when the location of the right of way line of the proposed highway reduces the distance from an existing single family residence to the right of way line to 10 feet or less, the acquiring agency shall, if the owner so demands, take the whole parcel by negotiation or condemnation. The part not needed for highway purposes may be rented, sold or exchanged by the acquiring agency." Ill.Rev.Stat. 1969, ch. 121, par. 4—501.

It was stipulated that the defendants' single family

residence is on a parcel of land of less than one acre in area and that after the proposed widening the residence would be less than ten feet from the right-of-way line of the proposed highway. The question for determination under the statute is whether the acquisition of land for the widening of an existing highway is the acquisition of "land for a highway on a *new* location." (Emphasis ours.) The appellate court, in reversing the trial court, held that the acquisition of land for the purpose of widening an existing highway did not fall within the meaning of the statute. We agree.

When a statute employs words having a well-known legal signification, courts will, in the absence of any expression to the contrary, assume that the legislature intended the words to have that meaning. *(People ex rel. Mayfield v. City of Springfield (1959), 16 Ill.2d 609, 614-615.)* We find that the meaning of the statute is clear and precise. If a highway is to be built on a new location—where none presently exists—the statute is operative; and if an existing highway is to be widened or altered, the statute is inoperative. The words of the statute should be given their plain, ordinary, or commonly accepted meaning, unless to do so would defeat the legislative intent. *Droste v. Kerner (1966), 34 Ill.2d 495, 503.*

The words "new location" should be ascribed significance and meaning. The legislature was not willing to impose upon the Department of Public Works and Buildings the burden of being compelled to purchase entire tracts of adjoining lands when widening or altering existing highway facilities to accommodate present needs. But when the Department was planning new routes and under such circumstances had prior knowledge of the existing uses to which the various parcels of land sought to be acquired were employed by their respective owners, and thus more options were available to the Department, the legislature saw fit to impose this additional burden upon it.

The defendants are entitled to just compensation for

the land taken and for the damage to the remainder of their land. The fact that persons differently situated might also be in a position to compel the Department to acquire all of their land, rather than merely the portion needed for road purposes, neither constitutes a denial to the defendants of equal protection of the laws in violation of the 14th amendment to the United States constitution, nor renders the statute in question a local or special law in violation of section 22 of article IV of the Illinois constitution of 1870. We find there was a reasonable basis for the classification adopted by the legislature in the light of the objects and purposes it sought to accomplish. *People ex rel. Conservation Dist. v. Lenover (1969), 43 Ill.2d 209, 217-218; People ex rel. County of Du Page v. Smith (1961), 21 Ill.2d 572, 578; Braeburn Securities Corp. v. Smith (1958), 15 Ill.2d 55, 62.*

For these reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.